UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JOSEPH RONALD KNAUSS,** | : |
| **Plaintiff** | : CIVIL NO. 1:CV-07-0102 |
| v. | : (Judge Rambo) |
| **CHRISTINE ANTHONEY,** *et al.*, | : |
| **Defendants** | : |

## M E M O R A N D U M & O R D E R

Plaintiff, Joseph Ronald Knauss, an inmate at the State Correctional Institution at Frackville, Pennsylvania, commenced this action *pro se* by filing a civil rights complaint pursuant to 42 U.S.C. § 1983. By order dated January 24, 2007 (Doc. 7), the court directed service of Plaintiff's complaint on the Defendants named therein. Subsequently, Plaintiff's service copy of the order was returned to the Court as undeliverable (Doc. 8). The returned mail noted that the "inmate [was] released," and the United States Postal Service is "unable to forward." (*Id.* at 1.) Consequently, by order dated February 7, 2007 (Doc. 9), the court dismissed Plaintiff's complaint for failure to notify the court of his current address, and the case was closed.

Thereafter, the court granted Plaintiff's motion for reconsideration of the order dismissing the case, and the Clerk of Court reopened the action. Currently pending is Defendants' motion to dismiss for lack of venue or, in the alternative to transfer the

case to the United States District Court for the Eastern District of Pennsylvania.  For the following reasons, the court will transfer this case to the United States District Court for the Eastern District of Pennsylvania.

Venue for actions brought pursuant to § 1983 is governed by the provisions of 28 U.S.C. § 1391(b).  Under Section 1391(b), venue is proper in : (1) a judicial district where any defendant resides, if all defendants reside in the same state, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise may be brought.  All of the Defendants in this case are located in Lehigh County, Pennsylvania, and all of the events giving rise to the claims in the complaint occurred in Lehigh County.  Lehigh County is located in the Eastern District of Pennsylvania.  Therefore, the proper venue for this action is the Eastern District of Pennsylvania.  *See* 28 U.S.C. § 1391(b).

When venue is improper, as in this case, a court may transfer the case to the district court "in which it could have been brought."  28 U.S.C. § 1406(a).  In the interest of justice, therefore, this case will be transferred to the United States District Court for the Eastern District of Pennsylvania.

Accordingly, **IT IS HEREBY ORDERED THAT:**

1) Defendant's motion to transfer this case to the United States District Court for the Eastern District of Pennsylvania (Doc. 29) is **GRANTED**.

2) The Clerk of Court is directed to transfer this action to the United States District Court for the Eastern District of Pennsylvania.

3) Plaintiff's motion for leave to file an amended complaint (Doc. 18) and Plaintiff's motion for appointment of counsel (Doc. 21) are deferred to the United States District Court for the Eastern District of Pennsylvania for resolution.

4) The Clerk of Court is directed to close this case.

                                               s/Sylvia H. Rambo  
                                               Sylvia H. Rambo  
                                               United States District Judge

Dated: July 12, 2007.